IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01176-WYD-CBS

PREETI MISHRA,

    Plaintiff,

v.

HILLARY RODHAM CLINTON, Secretary of the Department of State;
JAMES B. STEINBERG, Deputy Secretary of the Department of State;
JANET NAPOLITANO, as Secretary of the Department of Homeland Security;
MICHAEL YATES, Acting Deputy Director of the U.S. Citizenship & Immigration; and
BRET GREGG, Deputy Director of the California Service Center,

    Defendants.

**ORDER**

THIS MATTER is before the Court on the Motion to Reopen Plaintiff's Original Complaint for Writ in the Nature of Mandamus & Declaratory Judgment, filed August 3, 2010 [#16]. Plaintiff filed an identical motion on July 1, 2010, that was STRICKEN with leave to refile in compliance with D.C.COLO.LCivR 7.1A. Plaintiff has still failed to comply with D.C.COLO.LCivR 7.1A, which states that "[t]he court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel . . . The moving party shall state in the motion . . . the specific efforts to comply with this rule." While counsel for Plaintiff has failed to demonstrate compliance with this local rule, I will nevertheless

will consider the motion.

Plaintiff initially filed this suit seeking a declaratory judgment that she was not subject to 8 C.F.R. 212.7(c)(4). On September 28, 2009, Plaintiff filed a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(2), and her claims were dismissed without prejudice, and this case was closed. Plaintiff states in her motion to reopen that she initially agreed to dismiss the complaint based upon statements by Defendants that she was not subject to the afore-mentioned limitation. According to Plaintiff, on June 10, 2010, the United States Customs and Immigration Services issued a decision denying Plaintiff certain benefits and concluding that Plaintiff was, in fact, subject to the limitation.

Because this action was dismissed without prejudice, Plaintiff is not precluded from reasserting her claims. However, in order to do so, she must file a new action. Therefore, the Motion to Reopen the Plaintiff's Original Complaint for Writ in the Nature of Mandamus & Declaratory Judgment, filed August 3, 2010, ECF No. 16, is **DENIED**.

Dated: August 9, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge